# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3491 | **DATE** | 2/24/2012 |
| **CASE TITLE** | FDIC vs. Vann | | |

**DOCKET ENTRY TEXT**

Vann's motion to stay the briefing schedule pending ruling by the bankruptcy court [#66] is denied without prejudice. Status hearing is set for 3/27/2012 at 8:30 a.m. *See* Statement for further details.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

Defendant and third-party plaintiff Thomas Vann has moved for an entry of an order staying the briefing schedule in this case until such time as the bankruptcy court has confirmed that the automatic stay imposed in *In re Kenneth Barrick*, Case No. 12-02646, does not apply to the present case. Vann also requests that his counsel be given time to confirm that there is no conflict of interest given that he represents Brenda Helms, the United States Bankruptcy Trustee in the Barrick bankruptcy, in another case involving substantially similar facts and legal issues.

Section 362(a) provides that the filing of a bankruptcy petition operates as an automatic stay of

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\*\*\*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. §§ 362(a)(1) & (6). This automatic stay is "generally only available to the debtor, and not [to] related third-party defendants or solvent co-defendants." *Trimec, Inc.* v. *Zale Corp.*, 150 B.R. 685, 687 (N.D. Ill. 1993) (collecting cases). Two exceptions to the general rule apply. "[T]he first is where there is sufficient identity between the debtor and nondebtor such that the litigation against the nondebtor threatens property of the estate, and the second is where the continuation of the proceedings against the nondebtor

could cause irreparable harm to the debtor by diverting resources needed for its reorganization." *In re Kmart Corp.*, 285 B.R. 679, 688 (N.D. Ill. 2002) (citation omitted). The Seventh Circuit has also recognized that "there may . . . be an exception where the debtor is an indispensable party to the litigation." *Matter of James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992) (citations omitted). "The thinking here is that if the debtor is an indispensable party, protected by the stay from involvement in the litigation, the litigation cannot proceed in his absence and therefore must be stayed as against the third party." *Id.* These exceptions, however, are narrowly construed and applied only in unusual circumstances. *See, e.g., A.H. Robins Co., Inc.* v. *Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *In re Lennington*, 286 B.R. 672, 674 (C.D. Ill. 2001); *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (C.D. Ill. 1993).

Vann's amended third-party complaint contains two counts against Kenneth Barrick. Count I is for common law fraud and Count II is for declaratory relief. [Compl. Dkt. #47.] Vann claims that the FDIC's predecessor in interest, Arcola Bank, along with Prism Title and others, conspired with Barrick to commit fraud on Vann, which resulted in some $500,000 being transferred to Barrick at Vann's expense. Vann further claims that Barrick should be held jointly liable with certain co-conspirators for the fraud. Although proceedings against Barrick have been stayed, Vann is concerned that if he proceeds with his claims against Barrick's alleged co-conspirators, then he will be in violation of bankruptcy code sections 362(a)(1) and/or (6) and subject to the penalties contained in section 362(k).

Case law indicates otherwise, however. The Seventh Circuit has held that "[t]he clear language of Section 362(a)(1) . . . extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants." *Pitts* v. *Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (collecting cases); *see also Royal Truck & Trailer* v. *Armadora Maritima Salvadorean,* 10 B.R. 488, 491 (N.D. Ill. 1981). Moreover, courts to consider this issue have generally held that "joint tortfeasors," like Barrick and his alleged co-conspirators, "who are independently liable for third-party claims are not covered by the automatic stay." *In re Kmart Corp.*, 285 B.R. at 689 (collecting cases); *see, e.g., Variable-Parameter Fixture Dev. Corp.* v. *Morpheus Lights*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996) ("[W]here the debtor and non-debtor co-defendant are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor.") (internal quotation marks and citations omitted); *In re Ne. Glass, Inc.*, 112 B.R. 475, 477 (D. Mass. 1990) ("[Section 362(a)(6)] should not be construed to enjoin creditors from proceeding against nondebtor entities—such as guarantors, sureties, joint tort feasors, co-obligors—who are liable with the debtor on the creditors' claims.") (citations omitted); *In re Metal Ctr., Inc.*, 31 B.R. 458, 462 (D. Conn. 1983) ("[I]n situations where a codefendant is independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of a duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such nondebtor."); *Matter of Johns-Manville Corp.*, 26 B.R. 405, 413–14 (S.D.N.Y. 1983) (declining to extend the stay to third-party non-debtors because "the only relationship demonstrated between the co-defendants is that of joint tortfeasors" and "joint tortfeasors are not considered indispensable parties.").

Given the limited nature of the aforementioned exceptions, the court is skeptical that the Barrick stay would extend to third-party defendants in this case. Nonetheless, the proper course of action is to allow the bankruptcy court to decide whether the stay should extend to non-debtor third- parties in this situation. *See In re Richard B. Vance & Co.*, 289 B.R. at 698 ("Despite how most courts construe the scope of the stay, this Court believes that the better procedure is to raise the issue of the continuation of pending multi-defendant litigation with the bankruptcy court as soon as possible. The bankruptcy court is the proper forum to address whether the litigation may proceed without adversely affecting the bankruptcy case and whether, for valid bankruptcy reasons, the litigation ought to go forward against the debtor as well as non-debtor

**STATEMENT**

codefendants."). Vann's motion to stay the briefing schedule pending ruling by the bankruptcy court [#66] is denied without prejudice to his presenting the motion to the bankruptcy court. Briefing on motions directed at Vann's amended affirmative defenses and amended counterclaims [#60 & #63] is stayed.